IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Warren Pack, | ) |
|                 Plaintiff, | )    C.A. No. 1:12-929-TMC |
| v. | )    **ORDER** |
| Thomas Byrne, Doctor; Ms. Derrick, Nurse in personal capacity, | ) |
|                 Defendants. | ) |

This matter is before the court on the Magistrate Judge's Report and Recommendation (Dkt. # 29). The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. The Magistrate Judge's Report and Recommendation, filed on August 10, 2012, recommends that this action be dismissed with prejudice for lack of prosecution and failure to comply with this court's orders. (Dkt. # 29). The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's

recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Magistrate Judge filed a Report and Recommendation recommending that this action be dismissed for lack of prosecution. Plaintiff was advised of his right to file objections to the Report and Recommendation. (Dkt # 29 at 3). The Plaintiff filed no objections to the Report and Recommendation. In fact, the Report and Recommendation which was mailed to Plaintiff's last known address was returned undeliverable. Plaintiff was advised by order filed April 27, 2012 of his responsibility to notify the court in writing if his address changed and that his case could be dismissed for failing to comply with the court's order. (Dkt. # 10). Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 29) and incorporates it herein. Accordingly, the action is **DISMISSED** with prejudice for

failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
August 28, 2012

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.